| | |
|---|---|
| **HERIBERTO AVILA JR,** | 1:17-cv-1581-LJO-BAM |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| **CITI MORTGAGE INC., et al.,** | |
| Defendants. | (ECF No. 3) |

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

# I. INTRODUCTION

On November 28, 2017, Plaintiff Heriberto Avila, Jr., who is proceeding *pro se* and has applied for *in forma pauperis* status, filed an ex parte request for a temporary restraining order ("TRO") that would prevent the foreclosure sale of real property in which Plaintiff claims interest, located at 319 W. Huntsman Ave., Reedly, California, 93654 (the "Property"). ECF No. 3. The Complaint names as Defendants City Mortgage, Inc., and Does 1-100, According to his TRO request, the foreclosure sale is scheduled for today, November 29, 2017. *Id.*

# II. DISCUSSION

**A. Jurisdiction**

There is no clear indication in Plaintiff's Complaint, filed concurrently with his TRO request, of the basis for federal jurisdiction over the claims in this case. The first two claims arise under California law. *See* ECF No. 1 at 5-6. The third claim for declaratory relief asserts that Defendants "failed to comply with the requirements of a Consumer Financial Protection Bureau regulation found at 12 C.F.R.

1

[§] 102.41." ECF No. 1 at ¶ 27. This regulation, which is part of the Real Estate Settlement Procedures Act ("RESPA") "Regulation X" loss mitigation procedures, has been found to give rise to a private right of action. *Houle v. Green Tree Servicing, LLC*, No. 14-CV-14654, 2015 WL 1867526, at *3 (E.D. Mich. Apr. 23, 2015); *see also* 12 C.F.R. § 1024.41 ("[a] borrower may enforce the provisions of this section"). Accordingly, for purposes of this TRO request, the Court finds federal question jurisdiction pursuant to 28 U.S.C. § 1331 may be present.

**B.      TRO Request**

Injunctive relief is an "extraordinary remedy, never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest. *Id.*

Local Rule[1] 231 governs the filing of requests for TROs in this District. Local Rule 231(b) provides:

> Timing of Motion. In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

Here, there is absolutely no showing in the TRO request that explains why Plaintiff waited until – quite literally – the eve of the foreclosure sale to file this action. The Complaint alleges that a Notice of

---

[1] The Local Rules of this District are available at:
http://www.caed.uscourts.gov/caednew/assets/File/EDCA%20Local%20Rules%20Effective%204-1-2017.pdf (last visited November 29, 2017).

Default and Election to Sell was recorded on or about November 18, 2013; and a Notice of Trustee's Sale was recorded on or about February 5, 2015, which announced that the property would subject to a Trustee's sale on March 11, 2015. ECF No. 1 at ¶¶ 24-25. Nowhere in the record is there any information pertaining to a revised Notice of Trustee's sale that set the current sale date, which Plaintiff admits is November 29, 2017. California law requires that such notice be given at least 21 days in advance of the sale. *See* Cal. Civ. Code § 2924.8. Plaintiff does not allege there was any defect with that notice or explain why he waited until the last possible moment to attempt to block the sale. It is appropriate to deny Plaintiff's request on this procedural ground alone. *See Murphy v. United States Forest Serv.*, No. 2:13-CV-02315-GEB-AC, 2013 WL 12174044, at *1 (E.D. Cal. Nov. 15, 2013) (declining to address substantive issues where plaintiff provided no explanation as to why he waited more than a month to file a motion for a TRO); *Occupy Sacramento v. City of Sacramento*, No. 2:11-CV-02873-MCE, 2011 WL 5374748, at *4 (E.D. Cal. Nov. 4, 2011) (declining to issue TRO where plaintiffs waited twenty-five days).

      In addition, likelihood of success on the merits is far from clear. The Complaint alleges violations of the California Homeowner Bill of Rights and related provisions of the California Civil Code, but does so in a wholly generic and conclusory manner. For example, the Complaint alleges "[d]efendants violated the provisions of [California] Civil Code § 2923.5, 2923.6, 2924.18 in that they recorded, or caused to be recorded, a notice of default even though they had not fully informed Plaintiffs of their opportunity to apply for a loan modification." ECF No. 1 at ¶ 9. On the same page, Plaintiff also alleges that Defendants violated these same provisions of the California Civil Code "in that they recorded, or caused to be recorded, a notice of default even though Plaintiffs had submitted a complete application for a loan modification which was still being considered." *Id*. at ¶ 10. It is unclear how these two factual scenarios could co-exist. Even if that is possible, Plaintiffs have submitted no specific information as to when they submitted a loan modification, whether it was "complete" (completeness being required to trigger the prohibition against a trustee's sale, see Cal. Civ. Code 2923.6), and/or what

kind(s) of responses or communications they received in connection with that application. Such detail is needed to justify the extraordinary remedy of injunctive relief. *See Jerviss v. Select Portfoloio Servicing, Inc.*, No. 215CV01904MCEKJN, 2015 WL 6081994, at *3 (E.D. Cal. Oct. 13, 2015) (finding no likelihood of success where borrower did not submit documentation suggesting loan modification application was complete).[2] The Court finds that all of Plaintiffs substantive allegations similarly lack the specificity and/or documentation to warrant a finding that Plaintiff is likely to succeed on the merits.

### III. CONCLUSION AND ORDER

For the reasons set forth above, the request for a TRO is DENIED.

IT IS SO ORDERED.

Dated: **November 29, 2017**         /s/ Lawrence J. O'Neill
                                                                           UNITED STATES CHIEF DISTRICT JUDGE

---

[2] Plaintiff's RESPA/Regulation X claim cannot provide a basis for likelihood of success in connection with this request to enjoin the foreclosure process, as RESPA/Regulation X does not provide for injunctive relief and allows only for the recovery of actual damages resulting from a servicer's failure to follow the rule, plus the borrower's costs and any attorney fees incurred in bringing the action. *Tamburri v. Suntrust Mortg., Inc.*, 875 F. Supp. 2d 1009, 1013 (N.D. Cal. 2012) (RESPA does not allow for injunctive relief as a remedy); *see also Houle v. Green Tree Servicing, LLC*, 2015 WL 1867526, at *4; *Smith v. Specialized Loan Servicing, LLC*, No. 16CV2519-GPC(BLM), 2017 WL 1711283, at *8 (S.D. Cal. May 3, 2017).

4